UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Cindy Nirenberg | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew Clark | Craig Bockman |

**Proceedings:**     DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18, filed May 20, 2016)

## I. INTRODUCTION

On June 11, 2015, plaintiff Priscilla J. Black initiated this action in the Riverside County Superior Court against defendants Jackson National Life Insurance Company ("Jackson National") and Does 1 through 50 (collectively, "defendants"). Dkt. 1., Notice of Removal. On July 17, 2015, defendants removed this action to this court on the basis of diversity jurisdiction. Id. Plaintiff asserts claims against defendants for: (1) breach of contract; and (2) breach of the implied covenant of good faith and fair dealing. Dkt. 1, Ex. A, Compl. Plaintiff is the beneficiary of a life insurance policy issued by defendant Jackson National. As a result of financial difficulties, plaintiff failed to pay the premiums on this policy resulting in the substantial depletion of the policy benefits. Nonetheless, plaintiff alleges that, throughout this period, Jackson National failed to inform her and actively misrepresented to her that her policy was eligible for a waiver that would have relieved her obligation to pay the premiums on the policy.

On May 20, 2016, Jackson National filed a motion for summary judgment. Dkt. 18. On May 27, 2016, plaintiff filed an opposition, Dkt. 23, and on June 6, 2016, Jackson National filed a reply, Dkt. 24. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

## II.   BACKGROUND[1]

Except where noted, the following facts are undisputed: On July 10, 1989, Jackson National issued a life insurance policy ("the Policy") to plaintiff's husband, Robert Black. Pl.'s Additional Facts and Evidence ("PAFE") ¶ 1; Def's Resp. ("DR") ¶ 2. Plaintiff was the sole beneficiary of the Policy. PAFE ¶ 2; DR ¶ 2. The policy contains a premium disability waiver provision, referred to as the "Supplementary Rider for Waiver of Premium During Total Disability" ("Supplementary Rider"). Def's Uncontroverted Facts and Evidence ("DUFE") ¶ 3; Pl.'s Resp. ("PR") ¶ 3. Pursuant to the Supplementary Rider, Jackson National agreed to waive the Policy's premiums in the event it received a timely written notice that the insured had become totally disabled. See Jackson National Ex. 9, the Policy, at 41. Plaintiff contends that the Supplementary Rider is not called to the attention of the policy holder; specifically, it does not appear until the very last pages of the Policy, it is not sequentially numbered (i.e., the provision is not identified by a page number), it is not listed in the Policy's Table of Contents, and, while the Policy's declarations page refers to a "Waiver of Premium," it does not indicate that this waiver is for disability. PAFE ¶ 3.[2]

The Supplementary Rider provides, in pertinent part:

> **BENEFIT**  Upon receipt of due written proof that the Insured is totally disabled as defined in the Rider, the Company will waive premiums on this Policy which fall due while total disability continues.

---

[1] The parties have raised several objections to the evidence offered in support of and in opposition to Jackson National's motion for summary judgment. The Court addresses several of these objections *infra*. To the extent the Court does not rely on any objected-to evidence in ruling on Jackson National's motion, those objections are OVERRULED AS MOOT.

[2] Jackson National objects to these facts on the grounds that they are irrelevant, but does not substantively dispute them. Accordingly, Jackson National's objection is OVERRULED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

> **NOTICE OF CLAIM AND PROOF OF DISABILITY** Before any premium is waived, written notice of claim and proof of total disability must be received at the Home Office. Notice of claim must be received while the insured is living and during the continuance of total disability. It must be received not later than six months after:
>
> 1. The policy anniversary on which the attained age of the insured is sixty . . .
> 2. The due date of a premium in default
> 3. The Termination of the Policy
>
> Written proof of claim must be submitted within six months after receipt of notice of claim.
>
> This provision will not prevent any premium from being waived if it is shown that notice and proof were given as soon as was reasonably possible. In no event will any premium be waived or refunded if the due date was more than one year before receipt of notice of the claim at the Home Office.

PAFE ¶¶ 4-5; DR ¶¶ 4-5; Jackson National Ex. 9, at 41.

According to plaintiff, in 2008, Robert Black suffered a traumatic brain injury leaving him severely disabled. Opp'n., at 3. In a phone call on March 2, 2012, plaintiff spoke with a representative of Jackson National and informed Jackson National that Robert Black had sustained a brain injury and was suffering from cognitive defects. PAFE ¶ 6; DR ¶ 6. During this call, plaintiff was added as a "permanent caller" under the Policy, was authorized to receive information from Jackson National, and was permitted to be sent letters and correspondence from Jackson National regarding the Policy. PAFE ¶ 7; DR ¶ 7. In addition, the representative from Jackson National stated that plaintiff had authorization to "speak on [Robert Black's] behalf, anytime in the future." PAFE ¶ 8; DR ¶ 8.

Plaintiff asserts that in an earlier phone conversation with Jackson National she explained to Jackson National that her husband had sustained a brain injury and asked "if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

there is any type of relief, temporary relief from having to make the premium payments, if there was any type of disability or unemployment clause or anything else." PAFE ¶ 9. According to plaintiff, in response to this question, Jackson National represented to her that "there's no relief from the premium payments." Id. ¶ 11. Jackson National also told plaintiff that there was no disability rider or clause in the Policy. Id. ¶ 12.[3]

According to plaintiff, several years following her husbands' brain injury, she and her husband began experiencing financial difficulties. Opp'n., at 1. As a result, plaintiff made no premium payments on the Policy on or after June 22, 2012. DUFE ¶ 11; PR ¶ 11.

On March 1, 2014, Robert Black passed away. DUFE ¶ 15; PR ¶ 15. During his life, neither plaintiff nor anyone else made a claim in writing for a disability premium waiver to Jackson National. DUFE ¶ 8. Likewise, neither plaintiff nor anyone else provided Jackson National with written proof that Robert Black had become totally disabled. Id. ¶ 9.[4] Rather, on April 11, 2014, plaintiff submitted a written request to

---

[3] Jackson National objects that there is no notation of and recording of this call having been made, even though it is Jackson National's policy to make a note of and record all telephone calls made to its policy service center. Thus, Jackson National contends that there is insufficient evidence that this phone call, in fact, occurred. However, plaintiff testified in her deposition that she recalled making this phone call, recalled the substance of the phone call, and specifically recalled asking if there was any form of disability relief under the Policy. Echavaria Decl., Ex. 2, Black Depo. at 35:21-36:17. Accordingly, there appears to be a genuine dispute of fact regarding whether this phone call occurred and the Court OVERRULES Jackson National's objection.

[4] Plaintiff disputes that she was required to make a written claim for a disability premium waiver or provide written proof of Robert Black's disability to Jackson National. Instead she contends that the Policy merely states that "[n]otice of claim must be received while the insured is living." PR ¶¶ 8-9. As such, plaintiff appears to contend that she provided sufficient notice to Jackson National by informing a Jackson National representative, on the phone, that Robert Black had become disabled. Plaintiffs' argument is unavailing as it takes the language of the Supplementary Rider out of

Case 5:15-cv-01429-CAS-DTB   Document 25   Filed 06/20/16   Page 5 of 12   Page ID #:289

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

apply the premium disability waiver retroactively. DUFE ¶ 17; PR ¶ 17. Jackson National received this request on April 14, 2014. Id. Jackson National denied this request for "failure to provide timely notice of her request for the retroactive application of the premium disability waiver and proof of the insured's disability." See DUFE ¶ 19; Opp'n., at 4.

Following Robert Black's death, Jackson National disbursed the remaining death benefits under the Policy to plaintiff. DUFE ¶ 21; PR ¶ 21. As a result of unpaid policy loans, the policy benefit had been almost entirely depleted leaving a remaining policy benefit of only $164.32. DUFE ¶¶ 20-21; PR ¶¶ 20-21.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

context. In the sentence immediately preceding the language plaintiff relies upon, the Supplementary Rider states: "Before any premium is waived, *written* notice of claim and proof of total disability must be received at the Home Office." Jackson National, Ex. 9, at 41 (emphasis added). Accordingly, plaintiff's argument that verbal notice is sufficient is contrary to the plain language of the Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

As noted above, plaintiff and her husband failed to make any premium payments under the Policy beginning on or after June 22, 2012. As such, upon Robert Black's death, plaintiff received death benefits of only $164.32. In this action, plaintiff contends that Jackson National breached its obligations to her by failing to waive the Policy's premiums during her husband's disability. In the instant motion, Jackson National argues that it is undisputed that neither plaintiff nor her husband complied with the requirements to trigger application of the Policy's disability premium waiver. Accordingly, Jackson National argues that it had no obligation to waive the Policy's premiums and that, therefore, plaintiff cannot maintain her claims for breach of contract and for breach of the implied covenant of good faith and fair dealing. For the following reasons, the Court disagrees and denies Jackson National's motion.

As an initial matter, the Court agrees with Jackson National that the undisputed evidence demonstrates that plaintiff failed to make a timely and adequate claim for a disability premium waiver. Specifically, under the express terms of the Policy, in order for a policy holder to receive a disability premium waiver he must: (1) make a written claim for a disability premium waiver while the insured is still alive; (2) provide written proof that the insured is totally disabled while the insured is still alive; and (3) make a claim for a disability premium waiver within six months of the due date of a premium

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

payment that is in default. Jackson National Ex. 9, at 41. Here, it is undisputed that plaintiff did not submit a written claim for a disability premium waiver or written proof of her husband's disability until April 11, 2014—a month after her husband passed away and almost two years after plaintiff stopped paying her premiums. Accordingly, plaintiff failed to make a timely request for a disability premium waiver as required by the Policy.

Nevertheless, plaintiff contends that the Court should apply the doctrine of equitable estoppel and preclude Jackson National from denying her claim for a disability premium waiver on the grounds that her claim was untimely. "Four elements must ordinarily be proved to establish an equitable estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury." Spray, Gould & Bowers v. Associated Internat. Ins. Co., 71 Cal. App. 4th 1260, 1268; see also Hoopes v. Dolan, 168 Cal. App. 4th 146, 162 (2008) ("When [equitable estoppel] is successfully invoked, the court in effect closes its ears to a point—a fact, argument, claim, or defense—on the ground that to permit its assertion would be intolerably unfair."). As with other equitable claims, equitable estoppel is an issue for the Court to decide. Hoopes, 168 Cal. App. 4th at 161.

Here, plaintiff has demonstrated that there is at least a genuine dispute of fact as to each of the elements of equitable estoppel. First, Jackson National had knowledge of the relevant facts. Jackson National wrote the Policy, including the Supplementary Rider, had knowledge of the Policy's provisions and what they meant, and knew the requirements for activating the disability premium waiver. Second, according to plaintiff, when she called Jackson National in February 2012, Jackson National misrepresented to her that the Policy did not contain a disability premium waiver. By representing to plaintiff that the policy did not contain a disability premium waiver, Jackson National should have anticipated that plaintiff would act—or, in this case, not act—on that information and fail to submit a claim for a premium waiver. At a minimum, plaintiff was entitled to accept that Jackson National was knowledgeable about the provisions of the Policy and to rely on Jackson National's representation that the Policy did not contain a disability premium waiver. Third, defendants concede that plaintiff first learned of the existence of the premium disability waiver after her husband passed away on March 1, 2014—nearly two years after Jackson National represented that the Policy contained no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

premium waiver. See DUFE ¶ 16. Moreover, while the Policy itself described the disability premium waiver, plaintiff contends that the waiver is not clearly identified in the Policy's declarations and table of contents and only appears for the first time at the very end of the Policy. And, in any event, plaintiff was entitled to rely on the representation of Jackson National, the party responsible for writing the Policy and for ultimately determining whether plaintiff was eligible for a premium waiver. See also Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶2:75 ("Several cases hold an insured is entitled to rely upon an insurance agent's representations even where the representations are contrary to the actual terms of the policy.") (citing Clement v. Smith, 16 Cal. App. th 39, 45 (1993) ("Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage *without independently verifying* the accuracy of those representations by examining the relevant policy provisions.") (emphasis added)). Finally, plaintiff relied on Jackson National's conduct to her detriment. As a result of Jackson National's conduct, plaintiff contends that she did not submit a claim for a disability premium waiver resulting in the substantial depletion of the Policy's benefits. Accordingly, there is at least a genuine dispute of fact as to each of the elements of equitable estoppel.

Jackson National contends that equitable estoppel cannot apply in this case. In support of this argument, Jackson National relies principally on Neff v. New York Life Ins. Co., 30 Cal. 2d 165 (1947). However, that case is distinguishable. In Neff, an insured became totally disabled and submitted a claim under his disability policy. Id. at 167. The insurer "unconditionally denied" the claim finding that it did not appear that the insured was entitled to disability benefits. Id. at 167-68. Years later, the insured's heirs brought suit challenging the denial of benefits and the insurer argued that the suit was barred by the statute of limitations. Id. at 168-69. The plaintiffs argued that equitable estoppel should preclude application of the statute of limitations. Id. at 169. The California Supreme Court reasoned that because the insurer had unconditionally denied policy benefits, at that point the insured had all of the information necessary to bring a cause of action challenging the denial. Accordingly, the California Supreme Court viewed the equitable estoppel argument as an improper attempt to delay accrual of the statute of limitations. Id. at 172 (noting that a rule that equitable estoppel applies where an insurer unconditionally denies liability "would mean that no insurer could deny liability without indefinitely suspending the running of the statute of limitations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

    Here, plaintiff does not contend that Jackson National unconditionally denied her claim; rather, plaintiff did not file *any* claim until April 11, 2014 because she contends Jackson National misrepresented to her that her policy did not contain a disability premium waiver. Thus, unlike Neff, here plaintiff did not have all of the facts necessary to bring a claim, but instead was misled into believing she had no grounds for making a claim for a premium waiver. Indeed, in Neff the California Supreme Court noted as "significant" that there were no allegations in that case of "deceptive assurances by [the insurer] tending to lull the insured . . . into a sense of security and to forbear suit for the statutory period." Neff is, therefore, distinguishable from the instant case.

    The Court finds the decision in Vu v. Prudential Property & Casualty Ins. Co., 26 Cal. 4th 1142 (2001) more instructive. There, an insured suffered damage to his home following the Northridge Earthquake of January 17, 1994. Id. at 1147. Following the earthquake, the insured contacted his insurer, Prudential, to report that his home had suffered damage and Prudential sent a claims adjuster to examine the insured's home. Id. The claims adjuster determined that the damage to the insured's home fell substantially below his policy's deductible and advised the insured not to file a claim. Id. at 1147, 1152. Relying on this representation, the insured took no further action until nearly two years later when he discovered that his home had, in fact, suffered damages exceeding the policy's deductible. Id. at 1147. The insured requested that Prudential cover the newly discovered damages and Prudential declined on the grounds that the one-year statute of limitations for recovery of claims had already passed. Id. The insured filed suit asserting that Prudential should be equitably estopped from invoking the statute of limitations. Id. at 1147-48.

    The California Supreme Court explained that "[o]n these facts, Prudential may be estopped from raising a statute of limitations defense if [the insured] can show that he reasonably relied on [the claims adjuster's] representation." Id. at 1152. Significantly, the California Supreme Court explained:

> "An estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. To create an equitable estoppel, it is enough that the party has been induced to *refrain* from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

> Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of him as a defense.

Id. at 1152-53 (emphasis in original) (quoting Benner v. Industrial Acc. Com., 26 Cal. 2d 346, 349-50 (1945)). Likewise, here, plaintiff has submitted evidence suggesting that she was "induced to refrain" from submitting a claim for a disability premium waiver on behalf of her husband. Specifically, plaintiff inquired with Jackson National whether her policy contained a disability premium waiver and was informed by a representative of Jackson National that the Policy did not. In reliance on this representation, plaintiff did not submit a claim until nearly two years later when she discovered that the Policy, in fact, contained a disability premium waiver.[5]

Accordingly, if plaintiff can demonstrate that she reasonably relied upon Jackson National's representation that the Policy did not contain a disability premium waiver, Jackson National may be estopped from arguing that plaintiff's claim for a disability premium waiver was untimely. The Court, therefore, DENIES Jackson National's motion for summary judgment.[6]

---

[5] In addition, Jackson National relies on two United States Supreme Court Cases, Bergholm v. Peoria Life Ins. Co., 284 U.S. 489 (1932) and New York Life Ins. Co. v. Statham, 93 U.S. 24 (1876), for the proposition that the contractual provisions of an insurance contract are paramount and that even a court in equity may not alter those terms. However, Jackson National's reliance on these cases is misplaced as neither case addressed the doctrine of equitable estoppel. And, in any event, under California law, "[an] insurer may expressly or impliedly waive *or be estopped* to assert the insured's compliance with policy provisions requiring notice and proof of loss or other conditions to be performed by the insured." Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶6:153 (emphasis added).

[6] Plaintiff also contends that after Jackson National learned that plaintiff's husband was suffering from a disability it had an obligation to inform her of the availability of the premium disability waiver. Plaintiff contends that Jackson National's failure to inform her of the premium disability waiver provides another grounds for applying equitable estoppel. However, the law plaintiff relies upon involves circumstances wholly distinct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

from those present here. Specifically, it involves the duty of an insurer to inform the insured *after* the insured files a claim with the insurer. For example, plaintiff claims that Jackson National failed to comport with California Code of Regulations § 2695.4(a), which states:

> Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant. When additional benefits might reasonably be payable under an insured's policy upon receipt of additional proofs of claim, the insurer shall immediately communicate this fact to the insured and cooperate with and assist the insured in determining the extent of the insurer's additional liability.

Cal. Code Regs. 10 § 2695.4(a). However, the language of § 2695.4(a) is clear in that the insurer's duty to disclose is triggered by "the claim presented by the claimant." As discussed above, plaintiff failed to make any claim pursuant to the requirements of the Policy regarding her husband's disability. Thus, § 2695.4(a) does not apply here.

Plaintiff also relies upon the holding in Davis v. Blue Cross of Northern California, 25 Cal.3d 418 (1979) as a common law basis for Jackson National's duty to disclose the existence of the disability waiver. Davis held, in relevant part:

> One important facet of the insurer's obligation to give the insured's interest "as much consideration . . .as it does . . . its own" is the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy. In particular, in situations in which an insured's lack of knowledge may potentially result in a loss of benefits or a forfeiture of rights, an insurer has been required to bring to the insured's attention relevant information so as to enable the insured to take action to secure rights afforded by the policy.

Davis, 25 Cal.3d at 428. However, the Davis court was responding to "the general principles governing the responsibilities of an insurer *in relation to a claim filed by its insured.*" Id. at 427. Again, in this case, plaintiff failed to file a claim with Jackson National that would have triggered this right. Accordingly, plaintiff's argument that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01429-CAS(DTBx) | Date | June 20, 2016 |
| Title | PRISCILLA J. BLACK v. JACKSON NATIONAL LIFE INSURANCE COMPANY | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

equitable estoppel should apply because Jackson National failed to inform her of the existence of the disability premium waiver is unavailing. Nonetheless, for the reasons stated *supra*, plaintiff may still assert equitable estoppel on the grounds that Jackson National affirmatively misrepresented the existence of the disability premium waiver.